**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**ALBERT ALUNNI, et al.,**
        **Plaintiffs,**

**-vs-**                                                      **Case No. 6:08-cv-1349-Orl-31DAB**

**DEVELOPMENT RESOURCES, LLC,**
**LEGACY DUNES CONDOMINIUM, LLC,**
**MICHAEL K. HALPIN, JAMES E. WEAR,**
**TIMOTHY S. TINSLEY, THE REAL**
**ESTATE INVESTMENT GROUP, LTD.,**
**JOSEPH ALDEGUER, JILL MOORE,**
**REAL ESTATE DREAMS, LLC, SEAN C.**
**PARKES, JEREMY HOLLY, GENEVA**
**HOSPITALITY MANAGEMENT, LLC,**
**SAL SARDINIA, CHANDRA WEBSTER,**
        **Defendants.**
_____/

# ORDER

This matter came before the Court *sua sponte* and upon review of certain Defendants' Motions for Partial Summary Judgment (Docs. 94, 96, and 99), Plaintiffs' "Motion for Summary Judgment That the Investment Contracts Plaintiffs Were Sold Are Securities and Statement of Undisputed Material Facts" (Doc. 118), Plaintiffs' "Memorandum of Law in Support of Their Motion for Partial Summary Judgment That the Investment Contracts They Were Sold Are Securities and In Opposition to the Defendants' Motions [DE 94, 96 and 99]" (Doc. 119), and Plaintiffs' Request for Oral Argument (Doc. 120).

On January 9, 2009, this Court entered an order directing "*Defendants*" to file "appropriate motions to allow the Court to determine whether the contracts at issue [in this case] constitute 'securities' under the laws being sued upon" (Doc. 78 at 1) (emphasis added). Consistent with that

Order, certain Defendants timely filed their Motions for Partial Summary Judgment (*See* Docs. 94, 96 and 99). Accordingly, the Court entered its *Milburn* Order on April 16, 2009, allowing Plaintiffs until May 18, 2009, "to file their *responsive* memoranda and any materials *in opposition* to the motions, including affidavits or other documents within the purview of Rule 56, showing that there are genuine issues of material fact in dispute..." (Doc. 101 at 1) (emphasis added). Rather than file responses in opposition to Defendants' Motions for Partial Summary Judgment, however, Plaintiffs have filed what they style as a "Motion for Summary Judgment That The Investment Contracts Plaintiffs Were Sold Are Securities and Statement of Undisputed Material Facts" (Doc. 118) and a "Memorandum of Law in Support of Their Motion for Partial Summary Judgment That the Investment Contracts They Were Sold Are Securities and In Opposition to the Defendants' Motions [DE 94, 96 and 99]" (Doc. 119).

Upon review, the Court finds that Plaintiffs' recent filings (Docs. 118 and 119) fail to adhere to this Court's prior Orders (Docs. 78 and 101). While Plaintiffs' recent filings are – in the main – responsive to Defendants' Motions for Partial Summary Judgment and will be beneficial to the Court in determining whether the contracts at issue in this case are securities, Plaintiffs' decision to file a cross-motion for partial summary judgment is ultimately not conducive to "the just, speedy, and inexpensive determination" of this action, FED. R. CIV. P. 1, in light of the limited special case management order and prior orders entered in this case. Accordingly, rather than require Defendants to respond to Plaintiffs' cross-motion, the Court will exercise its inherent discretion to manage its docket[1] by simply construing Plaintiffs' recent filings (Docs. 118 and 119)

---

[1] *See, e.g.*, *Link v. Wabash R.R. Co.*, 370 U.S. 626 (1962).

as Plaintiffs' response in opposition to Defendants' Motions for Partial Summary Judgment. To address any perceived gaps in Plaintiffs' response, however, the Court will grant Plaintiffs' Request for Oral Argument (Doc. 120) by entry of a separate Order styled as a Notice of Hearing.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on June 2, 2009.

Copies furnished to:

Counsel of Record
Unrepresented Party

GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE